James McCARTY et al., Plaintiffs,

v.

JOHNS-MANVILLE SALES CORP. et al, Defendants.

Roy L. HART et al, Plaintiffs,

v.

ARMSTRONG CORK CO. et al, Defendants.

Lelos WEDGEWORTH et al, Plaintiffs,

v.

ARMSTRONG CORK CO. et al, Defendants.

L. T. CHAPIN et al, Plaintiffs,

v.

ACANDS, INC. et al, Defendants.

Civ. A. Nos. S79–0316(N), S79–0333(N), J79–0002(N) and S79–0272(N).

United States District Court, S. D. Mississippi, S. D.

Nov. 21, 1980.

336

Danny E. Cupit, Robert W. Sneed, Cupit & Maxey, Jackson, Miss., Ransom P. Jones, III, F. Gerald Maples, Pascagoula, Miss., Paul S. Minor, Biloxi, Miss., Wm. Roberts

Wilson, Jr., B. Rex Gordon, Jr., Pascagoula, Miss., Peter H. Barrett, Gulfport, Miss., R. E. Parker, Varner & Parker, Vicksburg, Miss., Mack Brabham, McComb, Miss., for plaintiffs.

Ernest W. Graves, Laurel, Miss., Robert H. Hood, Charleston, S. C., for Keene Corp.

W. Swan Yerger, Jackson, Miss., for Raybestos–Manhattan, Inc.

Natie P. Caraway, Jackson, Miss., for Celotex Corp. and Rock Wool Mfg. Co.

Heber Ladner, Jr., Jackson, Miss., for Unarco Industries, Inc.

Dorrance Aultman, Jon Mark Weathers, Hattiesburg, Miss., for Armstrong Cork Co.

Wade H. Lagrone, Tupelo, Miss., for Eagle–Picher Industries, Inc.

Cary E. Bufkin, Jackson, Miss., for Owens–Corning Fiberglas Corp.

Curtis E. Coker, Jackson, Miss., for Standard Asbestos Mfg. and Insulation Co. and Pittsburgh Corning Corp.

W. F. Goodman, III, Jackson, Miss., for GAF Corp.

Roy C. Williams, Pascagoula, Miss., for Johns–Manville Sales Corp.

Walter W. Eppes, Jr., Meridian, Miss., for H. K. Porter, Inc. and Southern Asbestos Co.

J. Jerry Langford, Jackson, Miss., Rae Bryant, Gulfport, Miss., for Shook and Fletcher Insulation Co. and ʻ Flexitallic Gasket Co.

Alben N. Hopkins, Gulfport, Miss., for Selby–Battersby & Co. and Rockwell Intern. Corp.

W. Boyd Reeves, Mobile, Ala., for American Mut. Corp. and American Mut. Liability Ins. Co.

Jeffrey R. King, Vicksburg, Miss., for Flintkote Co.

Ronald G. Peresich, Biloxi, Miss., for Forty–Eight Insulation, Inc. and Darco Southern, Inc.

Louis G. Baine, Jr., Jackson, Miss., for Fibreboard Corp.

Gary D. Sutherland, Hattiesburg, Miss., for Empire Ace Insulation Mfg. Corp.

Michael S. Allred, Jackson, Miss., for Acands, Inc.

Richard L. Forman, Jackson, Miss., for Nicolet, Inc., Owens–Illinois, Inc. and National Gypsum Co.

Thomas W. Tardy, III, Jackson, Miss., for Combustion Engineering, Inc.

M. M. Roberts, Hattiesburg, Miss., for Benjamin Foster Division–Amchem Products, Inc.

Suzanne N. Saunders, Jackson, Miss., for Hopeman Brothers, Inc.

Thomas W. Tyner, Hattiesburg, Miss., for Anchor Packing Co.

L. Arnold Pyle, Jackson, Miss., for Garlock, Inc.

James C. Pittman, Hattiesburg, Miss., for Crane Packing Co.

Karl Wiesenburg, French Caldwell, Pascagoula, Miss., for Litton Systems, Inc.

## MEMORANDUM OPINION

WALTER L. NIXON, Jr., District Judge.

The plaintiffs in the pending Mississippi asbestos cases have moved for partial summary judgment based upon the doctrine of collateral estoppel. In their motions, the plaintiffs move the Court to enter partial summary judgment against the defendants on the following issues:

(a) that the defendants be precluded from relitigating the issue of whether or not their products were defective and unreasonably dangerous under the provision of Section 402(a) of the Restatement of Torts;

(b) that the defendants be precluded from litigating the issue that they manufactured, marketed, sold and distributed asbestos containing products;

(c) that the Court will enter Summary Judgment that the products manufactured by the defendants and placed in the stream of commerce containing asbestos are defective for the reason that the same are unreasonably dangerous to the consumer or user or anyone exposed to that product;

(d) that the Court will enter Summary Judgment and hold as a matter of law that asbestos and asbestos containing products cause or contribute to cause certain lung diseases, which include asbestosis and mesothelioma;

(e) that the Court will enter Summary Judgment against the defendants precluding each of them from presenting evidence on the "State of the Art" defense;

(f) that the Court will enter Summary Judgment against the defendants that as a matter of law they knew or should have known of the dangers associated with the use and the exposure to asbestos containing products at the time it was manufactured, marketed, sold or distributed, and specifically that the defendants knew or should have known of the dangers associated with the use and exposure to asbestos containing products and asbestos itself as early as 1924.

(g) That the Court will enter Summary Judgment against the defendants finding that the defendants and each of them failed to place any warnings on their products prior to 1968 and that as a matter of law, the warnings placed on the containers in which the products were shipped in 1968 and subsequent thereto were so inadequate and ineffective as to constitute no warning at all, and that said warnings, if any, were not reasonably calculated by the defendants to reach the ultimate user, consumer or person being exposed to asbestos and asbestos containing products.

Briefs have been filed on this matter by several parties, and the Court has received affidavits from many of the defendants, wherein it was pointed out to the Court that twenty–four asbestos cases have been finally determined by the Court, either by jury verdict, or on appeal, throughout the United States, and that fourteen of these cases have been decided in favor of the defendants, and ten have been decided in favor of the plaintiffs. In addition, the defendants' affidavits point out to the Court that the state of the art was actively litigated as a defense by the defendants in many of the cases in which they have won

since the Fifth Circuit's decision in *Borel v. Fibreboard*, 493 F.2d 1076 (5th Cir. 1973).

Several of the *Borel* defendants settled with the plaintiffs prior to the trial, and one of the defendants, Combustion Engineering, Inc. received a directed verdict. The remaining *Borel* defendants, Pittsburgh Corning Corp., Armstrong Cork Co., Phillip Carey Corp., Ruberiod Co., division of GAF Corp., Johns–Manville Products Corp., and Fibreboard Paper Products Corp. suffered jury verdicts for the plaintiff. On appeal, these jury verdicts were affirmed. In their motion for partial summary judgment, the plaintiffs argue that since the six defendants who suffered jury verdicts in *Borel* have already had their asbestos products declared to be unreasonably dangerous, they should not be heard to defend further on the state of the art defense. Plaintiffs further argue that the Fifth Circuit, in its opinion, declared as a matter of law that all asbestos products are unreasonably dangerous, and therefore even the non–*Borel* defendants should not be entitled to defend upon the state of the art. The plaintiffs attempt to support their position by citing *Flatt v. Johns–Manville Sales Corp.*, 488 F.Supp. 836 (E.D.Texas, 1980) and *Mooney v. Fibreboard Paper Products Co.*, 485 F.Supp. 242 (E.D.Texas, 1980).

The defendants counter with the argument that to apply collateral estoppel across the board would violate the non–*Borel* defendants' Fifth Amendment rights to due process, and the Seventh Amendment rights to a jury trial. It is further argued by both the *Borel* and non–*Borel* defendants that to apply collateral estoppel against some defendants and not others would be prejudicial to the rights of all defendants, create confusion on the part of the jury, require different standards of proof as to the various asbestos products involved and would likely lead to inconsistent results. The defendants further argue that since there have been a number of jury verdicts in favor of the defendants in asbestos cases in which the state of the art was relied on as a defense, the application of collateral estoppel would be a violation of the fairness test set forth by the Supreme Court in *Parklane*

*Hosiery, Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), wherein the Supreme Court approved for the first time the application of non–mutual offensive collateral estoppel.

The threshold question to be determined is whether or not federal law or Mississippi law controls the application of collateral estoppel to these diversity cases. It is conceded by the parties that under Mississippi law strict mutuality of parties is required before collateral estoppel can be invoked. *Magee v. Griffin*, 345 So.2d 1027 (Miss.1977); *Johnson v. Bagby*, 171 So.2d 327 (Miss.1965).

In *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947) the Supreme Court held that a federal court sitting in diversity when faced with a previous state court judgment being raised as *res judicata* was *Erie* bound to apply the law of the forum state to determine what defenses were available unless the Court was presented with an underlying federal question which was independent of the state–created right. These Mississippi asbestos cases do not involve an independent federal question, but instead involve state created rights upon the plaintiffs' claims of strict liability, negligence, breach of warranty and conspiracy. This language is reaffirmed by the Supreme Court in *Blonder–Tongue Labs, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) in which the Supreme Court abolished the mutuality requirement for the defensive use of collateral estoppel and stated:

> Many federal courts exercising both federal question and diversity jurisdiction are in accord unless in a diversity case bound to apply a conflicting state rule requiring mutuality. 402 U.S. at 324, 91 S.Ct. at 1440.

These are cases in this Circuit which hold to the same rule. In *Breeland v. Security Ins. Co. of New Haven, Conn.*, 421 F.2d 918, 921 (5th Cir. 1969) the Court stated: "Because this is a diversity case, the law of the state where the district court sat controls ques-

tions of *res judicata* and estoppel. *See also Aerojet–General Aviation Corp. v. Askew*, 511 F.2d 710 (5th Cir. 1975) at footnote 8, page 717. The defendants have pointed out in their brief that the overwhelming majority of cases in other circuits are in accord, that a federal court must look to state law of collateral estoppel in diversity cases. The Court therefore concludes that Mississippi law is applicable to the question presented by the plaintiffs' motion and since many of the Mississippi defendants and none of the plaintiffs were parties to *Borel, Mooney* or *Flatt*, collateral estoppel cannot be applied.

■ However, assuming the Court is in error in applying Mississippi law, the Court is still of the opinion that collateral estoppel should not be applied in these cases even with the application of federal law which does not require mutuality of parties. The Court is mindful of the opinions of the district judges in *Mooney* and *Flatt*, but this Court disagrees, and declines to follow those cases. Here, we admittedly have several defendants who were not involved in the *Borel* decision, and would clearly be denied their due process rights, as well as their rights to a jury trial, should the Court apply collateral estoppel based upon *Borel*. If collateral estoppel was applied against the *Borel* defendants, the Court would have no alternative but to bifurcate the trial, and this would lead the Court to apply different standards of proof as to the different groups of defendants, would no doubt confuse the jury, and would present different issues to be tried as to each different group of defendants. Clearly, judicial economy would not be saved, and such a procedure would be patently unfair to both the *Borel* and non–*Borel* defendants.

In any event, collateral estoppel, whether mutual or non–mutual, whether offensive or defensive, cannot be applied under any circumstances unless there is an identity of issues presented. The Court has received and reviewed the entire transcript of the *Borel* trial, as well as the appellate opinion, and it is apparent that *Borel* turned upon a breach of warranty issue, and this issue alone appears to have been fully litigated.

By contrast, in the Mississippi asbestos cases, the plaintiffs have claims for strict liability, negligence, and conspiracy, as well as breach of warranty. Each of these theories of liability involve different evidentiary requirements and different standards of proof. The Court therefore finds that there is no identity of issues present. It has been pointed out to the Court in the defendants' briefs that the state of the art concerning the hazards of asbestos has changed considerably since the *Borel* decision. That factor alone is sufficient to defeat collateral estoppel. In addition, it is uncontroverted that there have been conflicting decisions, both jury and appellate, which followed *Borel*, and it would therefore violate the unfairness test set forth by the Supreme Court in *Parklane* to apply collateral estoppel. In addition, since it appears that the defendants have won a majority of the asbestos cases that have actually been brought to a conclusion the Court would have to seriously consider the question as to which side would be entitled to the benefits of collateral estoppel. The Court views this as an unsolvable question and one that it is not necessary to decide.

*Parklane* also requires that before offensive collateral estoppel can be applied the defendants must have had reason to foresee in the previous litigation that the results therein would be applied against them in the future. The Court does not find that it was foreseeable at the time *Borel* was tried that defendants would be faced with the mass litigation that has been filed against them since *Borel*. In fact, the entire asbestos situation has been everchanging since *Borel* and the present day magnitude could not have possibly been foreseen. In addition, it has been pointed out to the Court that many of the defendants had not had a single asbestos claim filed against them at the time *Borel* was tried. Obviously, those defendants could not have foreseen any future prospective liability.

Finally, the Court concludes that it would be a patent violation of the defendants' due process rights to defend themselves and have their day in Court to defend against

all of the issues presented, and particularly the ultimate issue of liability, if the Court foreclosed their defense based upon collateral estoppel. For all of the foregoing reasons, the Plaintiffs' motion for partial summary judgment based upon collateral estoppel is without merit, and will be denied.