Thomas A. AMADER, Jr. and Dorothy
D. Amader, his wife
v.
JOHNS–MANVILLE CORPORATION,
et al.

Civ. A. No. 79–4546.

United States District Court,
E. D. Pennsylvania.

July 1, 1982.

Mitchell Cohen, Philadelphia, Pa., for plaintiffs.

Edward David, Philadelphia, Pa., for Pittsburgh-Corning.

James A. Young, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Moving for partial summary judgment based upon offensive collateral estoppel, plaintiff asserts that prior jury findings that defendant, Pittsburgh-Corning's high temperature insulation product, "Unibestos", was defective when manufactured between 1962 and 1968 forecloses relitigation of that issue. Plaintiff also seeks to invoke collateral estoppel to prevent relitigation whether "Unibestos" was a substantial factor in producing the asbestos-related diseases from which he purportedly suffers. Recognizing the beneficial and salutory effects of collateral estoppel, *Hardy v. Johns-Manville*, 509 F.Supp. 1353, 1363 (E.D.Tex. 1981), and in the exercise of our "broad discretion", *Parklane Hosiery Co. v. Lane*, 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979), we grant plaintiff's motion *pro tanto*.

■ *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires that federal courts apply the forum state's substantive law when adjudicating diversity cases. State collateral estoppel rules are substantive and within the *Erie* mandate. *Public Service Mutual Insurance Co. v. Cohen*, 616 F.2d 704, 707 (3d Cir. 1980); *Provident Tradesmen's Bank and Trust Co. v. Lumbermans Mutual Casualty Co.*, 411 F.2d 88, 92–95 (3d Cir. 1969). *Cf., Aerojet-General Corporation v. Askew*, 511 F.2d 710 (5th Cir.), *cert. denied*, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975) (applying federal *res judicata* principles where prior federal court judgment was rendered in case brought under diversity jurisdiction).

■ To successfully invoke collateral estoppel in Pennsylvania, the movant must establish that:

1. the issue decided in the prior adjudication was identical with the one present in the later action,

2. there was a final judgment on the merits,

3. the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and

4. the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Safeguard Mutual Insurance Co. v. Williams*, 463 Pa. 567, 573, 345 A.2d 664, 668 (1975); *In re Estate of Ellis*, 460 Pa. 281, 285–87, 333 A.2d 728, 730–31 (1975).

Plaintiff, arguing that issue preclusion is warranted, points to two cases in which juries found "Unibestos" defective. *See, Borel v. Fibreboard Paper Products Corp.*, 493 F.2d 1076 (5th Cir. 1973), *cert. denied*, 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 107 (1974) and *Roesberg v. Johns-Manville Corp.*, No. 79–3016 (E.D.Pa. May 6, 1982) (jury specifically found that "Unibestos" was defective but returned a verdict in favor of Pittsburgh-Corning since plaintiff's claim was time-barred.)

■ Defendant, countering, asserts that Pennsylvania has not jettisoned the requirement of mutuality where, as here, "successive litigation of identical issues by several plaintiffs is likely". The reason for this is that a "common defendant might successfully defend several actions, lose one and be subjected to a plea of collateral estoppel for the remaining cases". *In re Estate of Ellis*, 460 Pa. at 287 n.7, 33 A.2d at 731 n.7. Hence, Pennsylvania courts would, apparently, refuse to permit the offensive use of collateral estoppel where inconsistent results have been obtained against a common defendant embroiled in multiple suits. Defendant finally asserts that inconsistent verdicts have been rendered on the issue of whether "Unibestos" was defective; as such, it urges that we may not properly preclude litigation of that issue. *See, Flynn v. Johns-Manville Corp.*, No. 88 (123) Case No. 23 CCP, Philadelphia (September Term 1978).

Defendants' reliance upon *Flynn* to preclude application of collateral estoppel is as misplaced as plaintiff's reliance upon *Roesberg* to create the bar. In *Flynn*, the jury apparently found that "Unibestos", as manufactured by Unarco prior to Pittsburgh-

Corning's purchase of the product line, was not defective. Notwithstanding this finding, the jury awarded plaintiff $66,000. In *Roesberg*, the jury specifically found that "Unibestos" was defective but that plaintiff's suit was time-barred. Under these circumstances, plaintiff ultimately prevailing in *Flynn* and defendant winning in *Roesberg*, the verdict winners, although dissatisfied with specific jury findings could not appeal and challenge those findings. Therefore, for collateral estoppel purposes, the parties in *Roesberg* and *Flynn* were denied a full and fair opportunity to litigate the issue of whether "Unibestos" was defective. *See, Diagiacomo v. Johns-Manville Corp.*, No. 76–604, slip op. at 5 (D.N.J. May 3, 1982) (Defendant, deprived of the opportunity to appeal a specific jury finding by virtue of a verdict in its favor, did not fully and fairly litigate the issue sought to be estopped.) Reliance on the jury finding in *Roesberg* is, accordingly, insufficient to support issue preclusion. This same reasoning defeats defendant's reliance upon *Flynn* as an inconsistent verdict.

■ The only case which has been fully and fairly litigated, for collateral estoppel purposes, is *Borel v. Fibreboard Paper Products Corp.*, 493 F.2d 1076 (5th Cir. 1973), *cert. denied*, 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 107 (1974).[1] There, Pittsburgh-Corning, along with other defendants, was found liable to plaintiff on a theory of strict liability. Restatement of Torts (Second) § 402(A).

Courts in the Eastern District of Texas, the situs of the *Borel* trial, have not hesitated to apply offensive collateral estoppel against those defendants who actually litigated *Borel*. *See, Hardy v. Johns-Manville Sales Corp.*, 509 F.Supp. 1353, 1360–63 (E.D. Tex.1981)[2]; *Flatt v. Johns-Manville Sales Corp.*, 488 F.Supp. 836, 841 (E.D.Tex.1980); *Mooney v. Fibreboard Corp.*, 485 F.Supp. 242, 249 (E.D.Tex.1980). There is no question that defendant Pittsburgh-Corning is within that group. *Borel v. Fibreboard Paper Products Corp.*, 493 F.2d at 1086.

Other courts have refused attempts by plaintiffs who sought to use *Borel* to effect an issue preclusion. Those cases are distinguishable.

*McCarty v. Johns-Manville Sales Corp.*, 502 F.Supp. 335, 338 (S.D.Miss.1980) refused to apply the doctrine because Mississippi collateral estoppel rules still require mutuality of parties before it can be invoked. *Tretter v. Johns-Manville Corp.*, 88 F.R.D. 329, 333 (E.D.Mo.1980) refused to invoke offensive collateral estoppel because it found that inconsistent judgments had been obtained with respect to defendant, Johns-Manville. *Diagiacomo v. Johns-Manville*, 76–604 (D.N.J. May 3, 1982), also found inconsistent judgments and refused to apply collateral estoppel. Finally, *Bertrand v. Johns-Manville Sales Corp.*, 529 F.Supp. 539, 544–45 (D.Minn.1982) explored a middle ground. It estopped defendants from relitigating the fact that asbestos dust can

---

1. Pittsburgh-Corning asserted at oral argument that, contrary to a plain reading of *Borel*, the jury there only considered whether the defendants were negligent. Hence, it asserts that *Borel* cannot support issue preclusion in a strict liability case. In support of this argument, Pittsburgh-Corning submitted a document which purports to be *Borel's* jury verdict form.

Even if we agreed, upon examination of the jury verdict form, that the *Borel* verdict was based upon negligence and not strict liability, we would nevertheless be compelled to reject this argument. We believe that each judicial opinion stands on its own, it can be neither supported nor impeached with reference to outside data which the court considered in arriving at its conclusion. The *Borel* jury found all

defendants, including Pittsburgh-Corning, "strictly liable". 493 F.2d at 1086.

If we were to consider anything outside of the *Borel* opinion in order to determine the exact issues decided there, we would be influenced by *Mooney v. Fibreboard*, 485 F.Supp. 242 (E.D.Tex.1980). There, Judge Fisher, who presided over the *Borel* trial, observed that Pittsburgh-Corning was a party in *Borel* and that a jury found it liable under a theory of strict liability. *Id.* at 244.

2. *Hardy* certified the collateral estoppel issue for interlocutory appeal. 28 U.S.C. § 1292(b). Appellate briefing of this issue was complete on November 1, 1981. No appellate decision has been rendered as of June 30, 1982. *See, Hardy v. Johns-Manville Sales Corp.*, No. 81–2204 (5th Cir.).

cause asbestosis and mesothelioma. However, it refused to apply the doctrine to those defendants who had not participated in *Borel* or *Karjala v. Johns-Manville*, 523 F.2d 155 (8th Cir. 1975). It reasoned that application of collateral estoppel as to some defendants on some issues would require bifurcation and result in a waste of judicial time and effort. *Bertrand v. Johns-Manville Sales Corp.*, 529 F.Supp. at 545.

None of the reasons which counselled against the use of collateral estoppel in those cases are present here. Pennsylvania, unlike Mississippi, does not require mutuality of parties. Therefore, *McCarty* is inapplicable. *Tretter* and *Diagiacomo* do not aid defendant since there, prior inconsistent judgments obstructed application of collateral estoppel. None exist here. The need for bifurcation, the reason given by *Bertrand* for refusing to preclude issue relitigation, has not been raised by the parties in the case at bar. Moreover, we do not believe that offensive use of collateral estoppel as to a defendant in a multi-defendant case necessarily requires bifurcation.

Hence, in the exercise of our discretion we will grant plaintiff's motion for partial summary judgment and preclude Pittsburgh-Corning from litigating whether "Unibestos" was defective between 1962 and 1968. In so holding, we recognize that some courts may decide that such an issue preclusion is unwarranted. Others, such as the *McCarty* court, may be precluded from applying offensive collateral estoppel by substantive state law which requires mutuality. Hence, Pittsburgh-Corning may be able to generate final judgments inconsistent with *Borel*. Should that happen, we will be invited, no doubt, to re-examine the conclusion which we have reached today. However, for present purposes, we have been "bequeath[ed]" the obligation of deciding when to apply offensive collateral estoppel in asbestos litigation. *Migues v. Fibreboard Corp.*, 662 F.2d 1182, 1187 (5th Cir. 1981). We have decided that it should be applied to preclude relitigation of the defective nature of "Unibestos".

Finally, we reject plaintiff's attempt to invoke offensive collateral estoppel so as to preclude litigation of whether plaintiff's exposure to "Unibestos" was a substantial factor in bringing about his asbestos-related injuries. As defendant correctly points out, whether "Unibestos" proximately caused plaintiff's purported injuries depends upon a "myriad of variables". *See*, Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment. An appropriate order will issue.