394 So.2d 890 (1981)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
COMMERCIAL UNION INSURANCE COMPANY.
No. 52390.
Supreme Court of Mississippi.
February 25, 1981.
Rehearing Denied March 18, 1981.
*891 Edward J. Currie, Jr., Steen, Reynolds, Dalehite & Currie, Jackson, for appellant.
Robert W. Brumfield, McComb, for appellee.
Before SMITH, P.J., and LEE and HAWKINS, JJ.
HAWKINS, Justice, for the Court:
Basing chancery jurisdiction upon a bill for discovery, State Farm Mutual Automobile Insurance Company (State Farm) sued Commercial Union Insurance Company (Commercial Union) in the Chancery Court of Pike County to recover attorney's fees incurred in the defense of two circuit court lawsuits which arose out of an automobile-train collision. The chancellor determined State Farm was entitled to be reimbursed attorney's fees incurred in the defense of one action, but denied recovery because the fees had not been allocated between the two suits. State Farm appeals. Commercial Union cross-appeals from the part of the decree that it owed the insured, Keith Alexander, of which it was the primary insurer, any defense under the circumstances of this case.
On May 13, 1974, Keith Alexander was driving a Chevrolet Vega automobile, in which his aunt Mrs. Merle Arnold was a passenger. The car was furnished by Jimmy Smith Chevrolet, Inc., an automobile agency of Magnolia, which carried a liability insurance policy with Commercial Union, appellee, cross-appellant herein. Keith's parents, James R. and Georgia Alexander, carried a liability insurance policy with State Farm, appellant, cross-appellee herein. That day in Summit there was a collision between the car being driven by Keith and an Illinois Central Gulf Railroad Company train, resulting in personal injuries both to Keith and Mrs. Arnold.
In May 1974 the law firm of Reeves and Reeves was employed by Keith and his parents to represent his interest for personal injuries received in the accident.
Commercial Union's adjuster, Joe King, contacted Keith by telephone a day or two following the accident and was told where he could be reached in McComb to discuss the case. Upon arriving in McComb and attempting to contact Keith, however, King was informed by Mrs. Georgia Alexander that her son had retained attorney R.B. *892 Reeves to represent him, and that Keith would not give a statement unless his attorney was present. King then sought through attorney Reeves to get a statement, but because of Reeves procrastination his efforts were unsuccessful.
On February 14, 1975, Mrs. Merle Arnold filed suit in Cause Number 3240 in the Circuit Court of Pike County, naming Keith, his parents, the Illinois Central Gulf Railroad Company and Jimmy Smith Chevrolet, Inc., as defendants.
On March 13, 1975, Keith filed suit in Cause Number 3241 of the Circuit Court of Pike County, naming the railroad company and Jimmy Smith Chevrolet, Inc. as defendants.
Both suits charged the automobile agency with negligently furnishing a defective car, which was a contributing cause of the accident. Jimmy Smith Chevrolet, Inc., in Cause Number 3241 filed a counterclaim against Keith for negligently operating the car, resulting in property damage to the vehicle.
Commercial Union retained as counsel to defend Cause Number 3240 attorney Robert W. Brumfield of McComb. On March 10, 1975, Brumfield wrote Keith informing him he represented Commercial Union, the liability carrier of Jimmy Smith Chevrolet, Inc., in the suit instigated against him and Jimmy Smith Chevrolet, Inc., and the insurance company might be obligated to defend him. The letter went on to state the attempt of King to contact him several times and that he had received absolutely no cooperation from him. He further stated: "I'm sure you must be aware that unless you cooperate with us in connection with this lawsuit that we will have no obligation whatever to defend you." The letter informed Keith that court started March 17, and Brumfield would appreciate Keith's being in his office Friday afternoon, March 14, so that he might discuss the case with Keith, as well as possible defenses. He concluded by telling Keith: "In the event you fail to cooperate with us, we will be forced to decline to defend you in the suit." A copy of the letter was sent to State Farm's claims superintendent.
Also on March 10, 1975, Brumfield talked with attorney R.B. Reeves. Record revelation of that conversation is limited to a letter from Brumfield to King dated March 11, 1975, stating he had talked with Reeves the day before, who told him Keith "would not cooperate in that they were filing a suit on his behalf against both Jimmy Smith Chevrolet and the Illinois Central Railroad."
The Alexanders, following institution of suit against them in Cause Number 3240, notified their insurance carrier State Farm, who called upon Commercial Union as the primary carrier to furnish a defense for Keith. Commercial Union refused to do so, on the ground Keith had failed and refused to cooperate in the defense of the suit of Merle Arnold.
Because Commercial Union refused to furnish any defense (other than Brumfield), State Farm retained the services of Wise, Carter, Child, Steen and Caraway of Jackson, who in turn associated the firm of Reeves and Reeves of McComb, to defend the declaration on behalf of Keith and his parents in Cause No. 3240, and the counter-claim of Jimmy Smith Chevrolet, Inc., in Cause No. 3241.
During the ensuing months, several demand letters were written by State Farm's counsel to Commercial Union to defend Cause Number 3240 and the counterclaim in 3241. Commercial Union took no action whatever to defend Keith Alexander, however, taking the position that because he had refused to cooperate, he had forfeited any right under Commercial Union's policy.
Cause Number 3241 was tried in October 1975, resulting in a verdict in favor of the defendants on the declaration, and in favor of Keith on the counterclaim. Neither side recovered anything. Mrs. Arnold the plaintiff in 3240, dismissed her suit without prejudice in April 1977.
Following the conclusion of the circuit court actions State Farm instituted this action in Chancery Court of Pike County to recover from Commercial Union $4,970.44 in *893 attorney's fees and expenses incurred in the representation of the circuit court actions.
The chancellor ruled Commercial Union owed no defense in the counterclaim, but did owe a defense in the suit of Mrs. Arnold. He further ruled, however, that since the local firm of Reeves and Reeves did not separate the two causes of action in itemizing their bills so that any sum could be allocated to each, and further that the law firm of Wise, Carter, Child, Steen & Caraway failed to allocate expenses and fees for services rendered between the two actions, damages could not be allowed there, either.
State Farm has appealed, assigning as error only that part of the decree disallowing the fee of Wise, Carter, Child, Steen and Caraway.
Commercial Union has cross-appealed, assigning as error the ruling it owed Keith Alexander any duty to defend in this case.
This Court is faced solely with these narrow questions.
Addressing the cross-appeal first, we must determine if there was a breach of contract by Keith, and if so, did it work to the prejudice of the carrier.
The pertinent provisions of Commercial Union's policy provides:
V. CONDITIONS
* * * * * *
3. Named insured's duties in event of loss
* * * * * *
(d) cooperate with the company and, upon the company's request, shall assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the named insured because of loss with respect to which this insurance applies; and shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses; ... .
* * * * * *
6. Action against company
No action shall lie against the company unless as a condition precedent thereto, there shall have been full compliance with all the terms of this insurance nor until 30 days after proof of loss is filed and the amount of loss is determined as provided in this insurance.
We have no difficulty in reaching the conclusion Keith breached the provisions of this policy insofar as his failure to discuss the case with the adjustor King. The proof shows the adjustor King attempted individually to interview Keith, and thereafter attempted through his attorney Reeves to interview him, but no cooperation whatever was received. While it is true there was a conflict of interest between the parties insured under the policy, namely: Jimmy Smith Chevrolet, Inc., and Keith Alexander, the attorney for Keith nevertheless at the very least should have met with the adjustor and his client, Keith, because there were areas of information which would have presented no conflict to Keith, or adversely affected his interest in any way in answering. Keith was advised by his counsel Reeves not to talk to King, the adjustor, in the absence of Reeves. In view of giving this advice, Reeves had a duty to meet with the adjustor and conscientiously endeavor to determine in the interview what questions Keith could answer without prejudicing his own case against Jimmy Smith Chevrolet, Inc. Having chosen to refuse to discuss the case in any manner with the adjustor for Commercial Union, this constituted a breach of the policy.
We need not decide what effect such breach would have had upon the rights of the parties had it prejudiced Commercial Union in any way, because the record reflects there was no harm which resulted to Commercial Union from this breach.
Although there is authority to the contrary, we believe the better view is to hold that unless some prejudice is shown by an insured's failure to cooperate with the insurance carrier in its investigation, such failure does not operate to forfeit the insured's rights under the policy. See: United States Casualty Co. v. Schlein, 338 F.2d *894 169, (5th Cir.1964); Clemmer v. Hartford Ins. Co., 22 Cal.3d 865, 151 Cal. Rptr. 285, 587 P.2d 1098 (1978); Ramos v. Northwestern Mutual Ins. Co., 336 So.2d 71 (Fla. 1976); MFA Mutual Insurance Co. v. Sailors, 180 Neb. 201, 141 N.W.2d 846 (1966). 7A Am.Jur.2d Automobile Insurance § 405 (1980); 14 G. Couch, Cyclopedia of Insurance Law § 51:112 (2d ed. 1965); which states failure to cooperate cannot constitute a breach unless shown to be prejudicial; J. Appleman, Automobile Liability Insurance 261 (1938).
Insofar as any refusal of Keith to discuss the case with attorney Brumfield, who was employed by Commercial Union to defend Cause Number 3240, the situation materially changed. Following Brumfield's March 10, 1975, conversation with Reeves on the telephone, Brumfield as well as the carrier, had notice a conflict of interest did exist, and one in which he, Brumfield, obviously could not represent both Jimmy Smith Chevrolet, Inc. and Keith.
In view of the fact Brumfield obviously could not represent Jimmy Smith Chevrolet, Inc. and Keith, the duty was upon Commercial Union to select independent counsel. It made no effort whatever to do so, although it was repeatedly called upon by counsel for State Farm to make a defense of the actions. Apparently, the position of Commercial Union was: (a) Keith had breached the policy in failing to cooperate with King and thereafter Brumfield, and following this Keith had forfeited all rights under the policy, or (b) Keith could either take Brumfield as his lawyer to represent his interest as defendant in 3240, and in defense of the counterclaim in 3241, or take nothing. Neither position has any merit.
Heretofore this Court has addressed the contractual duty of a liability insurance carrier to defend suits brought against the insured. State Farm Mutual Automobile Ins. Co. v. Allstate Ins. Co., 255 So.2d 667 (Miss. 1971); Travelers Indemnity Co. v. East, 240 So.2d 277 (Miss. 1970); Travelers Insurance Co. v. General Refrigeration & Appliance Co., 218 So.2d 724 (Miss. 1969). It is a serious duty, requiring a good faith effort to protect the insured's interest in court. There is no higher ethical duty in the legal profession than complete, absolute fidelity to the interest of the client. An attorney obviously should not attempt to represent a party when he is obligated to represent an adverse interest, and a conflict of interest appears.
Because Commercial Union had a clear duty to defend, which duty State Farm as the secondary carrier fulfilled upon Commercial Union's failure to do so, it follows State Farm is entitled to all reasonable and necessary expenses in fulfilling Commercial Union's obligations.
As above stated, State Farm only assigns as error the failure of the chancellor to award fees and expenses to the firm of Wise, Carter, Child, Steen and Caraway in the amount of $2,641.97. The chancellor ruled, correctly, as we have determined, Commercial Union did owe a defense in this case.
As to the failure to allocate the fees and expenses between the defense of the counterclaim and the declaration, the attorney for State Farm testified as follows:
Q. How much of the bill was due directly to Cause No. 3241?
A. I can't tell you that either. I can say if there had been only one lawsuit you would still be looking at probably at least 75 percent of the bill.
State Farm thereupon argues sufficient proof was adduced to award 75 percent of $3,522.50 (the bill of Wise, Carter, Child, Steen, and Caraway without adding on Reeves and Reeves, local counsel), which comes to $2,641.88.
This Court agrees. There was no question in this case but the failure of Commercial Union to defend caused monetary damage to State Farm. This is not a cause of speculation and conjecture as to whether there was monetary damage, but allocation of an admitted amount. In this posture, the rule as to proof of damages is somewhat relaxed:
In 22 Am.Jur.2d Damages § 25, (1965), the textwriter states the following at pp. 44, 45:

*895 "Although formerly the tendency was to restrict the recovery to such matters as were susceptible of having attached to them an exact pecuniary value, it is now generally held that the uncertainty which prevents a recovery is uncertainty as to the fact of the damage and not as to its amount and that where it is reasonably certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery or prevent a jury decision awarding damages. This view has been sustained where, from the nature of the case, the extent of the injury and the amount of damage are not capable of exact and accurate proof. Under such circumstances, all that can be required is that the evidence  with such certainty as the nature of the particular case may permit  lay a foundation which will enable the trier of facts to make a fair and reasonable estimate of the amount of damage. The plaintiff will not be denied a substantial recovery if he has produced the best evidence available and it is sufficient to afford a reasonable basis for estimating his loss."
See Billups Petroleum Co. v. Hardin's Bakeries Corporation, 217 Miss. 24, 63 So.2d 543 (1953).
This case is therefore affirmed on cross-appeal and reversed and judgment shall be entered for the appellant in the amount of $2,641.88 on the direct appeal.
AFFIRMED ON CROSS-APPEAL. REVERSED AND JUDGMENT HERE FOR APPELLANT ON DIRECT APPEAL.
PATTERSON, C.J., and SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.