**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Defendants.**

**Civ. A. No. J82–0637(L).**

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 25, 1984.

Whitman B. Johnson, III, Steen, Reynolds, Dalehite & Currie, Jackson, Miss., for plaintiff.

Cary E. Bufkin, Jim Bullock, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This case is before the court on the Motions for Summary Judgment filed by plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), and defendant, Universal Underwriters Insurance Company (Universal). The suit was brought in the Circuit Court of Hinds County and removed by the defendant to

this court with jurisdiction premised on diversity of citizenship, 28 U.S.C. § 1332.

On May 8, 1979, an automobile driven by Nanette Johnson collided with a vehicle operated by Patricia Dianne Gray. The Johnson vehicle was owned by Joel Johnson Imported Motor Cars, Inc. (Joel Johnson) and was driven by Nanette Johnson with Joel Johnson's permission. Joel Johnson had in effect a liability insurance policy with Universal. State Farm had issued a policy of automobile liability insurance to Nanette Johnson. Universal was notified of the accident and on at least two occasions denied coverage.

Gray filed suit against Nanette Johnson on June 19, 1979 in state court. State Farm defended and paid a judgment rendered against Nanette Johnson after a jury verdict for personal injury to Gray and negotiated and paid a settlement of Gray's claim for property damage.

On July 17, 1980, Joel Johnson filed suit against Nanette Johnson and Gray. Joel Johnson's claim against Gray and Gray's counter claim against Joel Johnson were dismissed with prejudice. The only remaining claim, that by Joel Johnson against Nanette Johnson for property damage, was tried without a jury and, upon the court's request, the parties filed post trial letter briefs. Both briefs focused on the issue of whether Universal was the insurer of Nanette Johnson. In its judgment dated December 9, 1981, the court found Nanette Johnson to be guilty of negligence and awarded Joel Johnson $1523.77 in damages.

A federal court sitting in a diversity case is *Erie* -bound to apply the law of the forum state to determine whether a previous state court judgment bars the present claim as res judicata. *Angel v. Bullington,* 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); *Breeland v. Security Insurance Company,* 421 F.2d 918, 921 (5th Cir.1969). In *Garraway v. Retail Credit Company,* 244 Miss. 376, 141 So.2d 727 (1962), the Mississippi Supreme Court stated:

"Collateral estoppel is one aspect of res judicata developed in civil litigation and firmly established in the jurisprudence of this state. As applied to civil cases, this doctrine means that where a question of fact essential to a judgment is actually litigated and determined by a valid and final judgment, that issue cannot be litigated between the same parties in a future law suit."

*Id.* 141 So.2d at 730.

The doctrine of collateral estoppel serves the purposes of both protecting litigants from the burden of relitigation and promoting judicial economy. *Mississippi Employment Security Commission v. Philadelphia Municipal Separate School District,* 437 So.2d 388, 395 (Miss.1983).

The general rule remains, however, that fact questions should be completely litigated in each case; the doctrine of collateral estoppel is merely an unusual exception to that rule. "Where there is room for suspicion regarding the reliability of those first fact findings, collateral estoppel should never be applied." *Id.* at 397. *See also Parklane Hosiery Company v. Shore,* 439 U.S. 322, 330–31, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979); *Montana v. United States,* 440 U.S. 147, 164 n. 11, 99 S.Ct. 970, 979 n. 11, 59 L.Ed.2d 210 (1979), *Garraway,* 244 Miss. 376, 141 So.2d at 730.

Two state court law suits and the settlement of another claim preceded this action. The settled claim was not adjudicated and, therefore, a future suit is not precluded. *See Green v. Amerada Hess Corporation,* 707 F.2d 201, 207–08 (5th Cir.1983) (collateral estoppel only applicable when issues previously actually litigated), *rehearing denied,* 714 F.2d 137, *cert. denied,* —— U.S. ——, 104 S.Ct. 701, 79 L.Ed.2d 166, *State v. Smith,* 278 So.2d 411, 415 (Miss.1973) (same); *C.I.T. Corporation v. Turner,* 248 Miss. 517, 157 So.2d 648, 660 (Miss.1963) (same). Therefore, the issue of liability for insurance coverage of property damage suffered by Gray is not barred.

In applying the doctrine of collateral estoppel, Mississippi courts have required strict identity of parties. *Green,* 707 F.2d at 207. *See Stovall v. Price Waterhouse Company,* 652 F.2d 537, 540 (5th Cir.1981);

*McCarty v. Johns-Manville Sales Corporation*, 502 F.Supp. 335 (S.D.Miss.1980); *Magee v. Griffin*, 345 So.2d 1027 (Miss. 1977); *Johnson v. Bagby*, 171 So.2d 327 (Miss.1965). In *Stovall*, the court commented that "Mississippi law in this area has been characterized as being rigid as any now extant." *Stovall*, 652 F.2d at 540. *See also* Note, Collateral Estoppel—the Multiple Tort Claimant Anomaly, 41 Miss. L.J. 497, 498 (1970). The Mississippi Supreme Court in *Johnson v. Bagby*, 171 So.2d 327, 330–32 (Miss.1965), considered exceptions to the identity of parties requirement. For the reason that the issues in question had not been fully adjudicated, the Court refrained from ruling on the applicability of a derivative liability exception and held that collateral estoppel did not bar the action. *Id.* at 332. Therefore, the exact parameters of the requirement for party identity in Mississippi have not been established.

In the state court action brought by Joel Johnson against Nanette Johnson, neither State Farm nor Universal were named parties. The insurance companies did, however, control the litigation. In briefs submitted to the state court prior to judgment, both parties focused on the issue of whether Universal provided primary coverage to Nanette Johnson. Attorneys for Nanette Johnson, paid by State Farm, stated in their letter brief that the suit was actually one by Universal. In its brief before this court, Universal refers to the case as "Universal Underwriters Insurance Company v. Johnson". It appears that the Mississippi Supreme Court has not addressed this particular issue, but this court concludes that the Mississippi Court would find that the requirement for identity of parties is satisfied. The court is further persuaded by the content of the letter briefs that the issue was essential to the state court judgment and was finally adjudicated there. *See Mississippi Employment Security Commission*, 388 So.2d at 395–96.

■ In the earlier state court action of *Gray v. Nanette Johnson*, wherein Nanette Johnson, represented by State Farm,

was found liable for personal injuries to Gray, Universal was not a party in any sense of the word. Furthermore, the issue of primary and secondary coverage was not litigated or adjudicated in that law suit. *See Johnson*, 171 So.2d 327, 330–32 (Miss. 1965) (previous adjudication required for application of collateral estoppel); *Garraway*, 141 So.2d at 730–31 (same); *Magee v. Griffin*, 345 So.2d 1027, 1033 (Miss.1977) (Patterson, J. concurring in part and dissenting in part, majority opinion as to Griffin) (same). This issue is not barred by collateral estoppel.

Therefore, the issue properly before this Court relates to insurance liability for property and personal damage suffered by Gray, that is, which insurance company should properly be responsible for coverage.

■ It is well settled in Mississippi that in the event of a conflict between the language of an automobile liability insurance policy and the statutory requirement, the statutory provisions are incorporated into and become part of the policy. *See Missouri General Insurance Company v. Youngblood*, 515 F.2d 1254, 1257 (5th Cir. 1975) (applying Mississippi law); *Vaughn v. State Farm Mutual Automobile Insurance Company*, 359 So.2d 339, 341 (Miss. 1978); *State Farm Mutual Automobile Insurance Company v. Moore*, 289 So.2d 909, 911 (Miss.1974); *United States Fidelity and Guaranty Company v. Stafford*, 253 So.2d 388 (Miss.1971). Although there is no case applying Mississippi law in interpreting policy language identical to that in issue here, this court is of the opinion that a Mississippi state court would find that the statutory language, being incorporated into the policy, renders Universal responsible for coverage.

■ Since State Farm is admittedly responsible for coverage and the court finds that Universal is also responsible, the question arises as to which company provides primary coverage. In *Travelers Indemnity Company v. Chappell*, 246 So.2d 498 (Miss.1971), the Mississippi Supreme Court held that the policy covering the vehicle

involved provides primary coverage. *Id.* at 504–05. In this case, the State Farm policy was issued to the driver and the Universal policy covered the owner of the vehicle and the vehicle involved in the accident. Therefore, the court concludes that Universal provided primary coverage.

■ Universal's contention that State Farm acted as a volunteer and is thereby precluded from recovery is without merit. In *State Farm Mutual Automobile Insurance Company v. Allstate Insurance Company*, 255 So.2d 667 (Miss.1971), the Mississippi Supreme Court rejected a similar argument. State Farm's policy in that case, as it does in the instant case, expresses its primary and paramount obligation as:

> [To] defend, with attorneys selected by and compensated by the company, any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable hereunder even if any of the allegations of the suit are groundless, false or fraudulent.

State Farm has entered into and has taken on the responsibility inherent in a solemn contract of insurance and does not fit under any definition of volunteer. *See Id.* at 669.

Having determined that the Universal policy provided primary coverage, the court concludes that the issue for determination is similar to the one faced by the Mississippi Supreme Court in *State Farm Mutual Automobile Insurance Company v. Commercial Union Insurance Company*, 394 So.2d 890 (Miss.1981). In that case, Keith Alexander was involved in an accident while driving a car owned by Jimmy Smith Chevrolet, Inc. Alexander's parents maintained an automobile liability insurance policy with State Farm and Jimmy Smith Chevrolet was insured by Commercial Union. Two suits were filed: one by Alexander's passenger against Alexander, his parents, Illinois Central Gulf Railroad and Jimmy Smith Chevrolet; the other by Alexander against the railroad and Jimmy Smith Chevrolet. A counterclaim was brought against Alexander in the suit in which he was the plaintiff. Both Alexander and Commercial Union employed attorneys. Alexander refused to cooperate with Commercial Union's attorney or adjusters. A jury returned a verdict for the defendant in Alexander's case and the suit brought by the passenger was dismissed without prejudice.

The Mississippi Supreme Court acknowledged an insured's duty to cooperate with a carrier's investigation but held that, without a showing of prejudice to Commercial Union, the insured's rights under the policy were not forfeited. *Id.* at 893. The court affirmed the chancellor's holding that Commercial Union owed Alexander a defense in the suit brought by Alexander's passenger but not for the counterclaim in the other suit. The Supreme Court stated:

> Because Commercial Union had a clear duty to defend which duty State Farm as the secondary carrier fulfilled upon Commercial Union's failure to do so, it follows State Farm is entitled to all reasonable and necessary expenses in fulfilling Commercial Union's obligations."

*Id.* at 894.

The court awarded State Farm the attorneys' fees paid for defense of the insured.

■ Universal would contend that the *State Farm v. Commercial Union* case is not dispositive because Universal asserts that it received no demand to defend. This court finds, however, that Universal's notice of the accident and of its responsibility under Mississippi law to defend was sufficient to impose liability on Universal.

State Farm's affidavit does not separate its expenditures for these claims from the claim barred from review by this court. Since the court is without evidence of State Farm's "reasonable and necessary expenses in fulfilling [Universal's] obligations," *State Farm v. Commercial Union*, 394 So.2d at 894, the amount in which Universal is liable to State Farm remains a question of fact.

Therefore, this court finds that Universal is liable to State Farm for the reasonable

and necessary expenses incurred in defense and settlement and payment of the judgment relating to personal and property damage to Gray arising from the automobile accident with Nanette Johnson.

The final issue before the court on the parties' Motions for Summary Judgment is whether Universal is liable for punitive damages to State Farm for its refusal to assume responsibility for coverage. This court finds that punitive damages are not warranted.

In Mississippi, " 'punitive damages are not recoverable for the breach of a contract unless such breach is attended by intentional wrong, insult, abuse, or such gross negligence as to consist of an independent tort.' " *Standard Life Insurance Company of Indiana v. Veal,* 354 So.2d 239 (Miss.1977), quoting *Progressive Casualty Insurance Company v. Keys,* 317 So.2d 396, 398 (Miss.1975). While refusal by an insurer to pay a claim may be an intentional breach of contract, punitive damages are not available "if an insurance company has a legitimate reason or an arguable reason" for failure to pay the claim. *Standard Life,* 354 So.2d at 242.

Although this court resolves the issue of primary coverage for the personal injury and property damage of Gray by Summary Judgment in favor of State Farm, Universal's position is not without merit. In the suit by Joel Johnson against Nanette Johnson, a state court held for Joel Johnson, in effect finding that Universal did not provide coverage and thereby reflecting the legitimacy of Universal's position. An award of punitive damages is not appropriate here, since the insurer had an arguable or legitimate reason for denying coverage.

Furthermore, the court notes that awards of punitive damages in what have become known as "bad faith cases" have been made to the insured and against the insurer. See, e.g., *Richards v. Allstate Insurance Company,* 693 F.2d 502 (5th Cir.1982); *Henderson v. U.S.F. & G. Company,* 695 F.2d 109 (5th Cir.1983); *Reserve Life Insurance Company v. McGee,* 444 So.2d 803 (Miss.1983); *Standard Life Insurance Company v. Veal,* 354 So.2d 239 (Miss.1977). In this case, however, two insurance companies, which both provided coverage to the insured, are before the court to determine which coverage is primary. In *Reserve Life Insurance Company v. McGee,* 444 So.2d 803 (Miss.1983), the Mississippi Supreme Court cited with approval the statement of the lower court:

> This court is of the opinion that the insurer owes to the insured a duty to deal in good faith ... Where the defendant has violated this duty to act in good faith punitive damages are appropriate to protect the plaintiff, and more importantly, the public from intentional wrong, insult, abuse or gross negligence on the insurer's part.

*Id.* at 811 (emphasis omitted).

The insured is not before this court to challenge whether Universal acted in good faith. Punitive damages may, in some circumstances, be appropriately awarded in an action between two insurance companies. However, because Universal had an arguable or legitimate reason for its action, this court finds that punitive damages are not available.

The court finds that summary judgment should be granted in favor of Universal and against State Farm except as to the issues relating to property damage and personal injury of Gray. The court further finds that summary judgment should be granted in favor of State Farm and against Universal on the issue of liability for the costs of representation and payment of the settlement and the judgment relating to the property damage and personal injury of Gray. For the reason that there remains a genuine question of material fact with reference to the amount of damages for which Universal is liable to State Farm, it is the court's opinion that summary judgment should be denied as to that issue. A separate judgment shall be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.