Mr. Chief Justice ShaRKey
delivered the opinion of the court.
Dunkley and wife petitioned the probate court for a distributive share of the estate of James G. Pringle, and obtained a decree in their favor, from which this appeal was prayed. The question to be determined, depends on the last will and testament of James G. Pringle. The testator divided his estate, consisting of personal property, equally between his wife Elizabeth, and his three children, to be held equally “ so long as the said Elizabeth shall continue my widow, but upon the event of her marrying, then her interest to go to my heirs above named, in equal portions.” The widow remained in possession of the estate for several years, without having renounced the provision in the will in her favor. She afterwards married Dunkley, and then applied for her distributive share.
It is contended that this was a bequest in restraint of marriage, or in terrorem, and is therefore upon a void condition, and on this ground, probably, the court made its. decree in favor of the widow. The doctrine invoked does not apply in this case, for even if this were a bequest on condition, the bequest over, after the marriage, would take the case out of the rule, that a con- *18 ditition in terrorem is void. This is strictly a limitation, a gift to the wife daring her widowhood, and such limitations have been uniformly sustained as valid. The right of the widow ceased at her marriage, and the children of the testator took the whole property from that time. Richards v. Baker, 2 Atkyns, 321; Sheffield v. Lord Orrey, 3 Ib. 282; 1 Roper on Legacies, 526, 527, 556, 557, 558; 1 Jarman on Wills, 731. The widow cannot complain of the hardship of this disposition. By our statute she could have renounced the provision in her favor, within six months. During that time she had her election, either to take what was given by the will, or to renounce it and take her distributive share under the law. She acquiesced in the will, and must abide by the consequences.
Judgment reversed, and cause remanded.