PATE, et al. *v.* EVANS, et al.

No. 40559          November 4, 1957          97 So. 2d 737

*E. J. Currie, Sr., E. J. Currie, Jr., Sullivan & Sullivan,* Hattiesburg, for appellants.

*Ben Stevens,* Hattiesburg; *L. Barrett Jones,* Jackson, for appellees.

ETHRIDGE, J.

Appellees, complainants in the trial court, Mrs. Ola Cooley Evans, et al, brought this suit in the Chancery Court of Covington County against appellants-defendants, Mrs. Mollie Hodnett Pate, et al, to remove clouds on their title to certain lands. The issues are concerned with a plea of res judicata and the construction of a will.

Complainants are the children of J. H. Cooley by his first wife, who died in 1907. In 1908 he married Mrs. Alene Cooley and they lived together as husband and wife until his death testate in 1938. His survivors were his wife, four children, and the children of a previously deceased daughter.

J. H. Cooley's will was admitted to probate in 1938 by a decree of the chancery court. Pertinent parts of it provided: "It is my will that my wife Alene Cooley have and take all real and personal property of every kind and description, except such cash as may be left after paying funeral and medical expenses, with the following condition:

"That the said Alene Cooley shall have all real and personal property left by me, so long as she shall remain my widow; that in the event of her remarriage, then in that event, all such real and personal property shall descend to my heirs, as provided by the law on Descent and Distribution."

The 1938 decree admitting the will to probate appointed the executor named in the will and appraisers to value the personal property. The estate was relatively small, and after the usual appraisal, administration, and payment of legacies, the executor filed a final account, a copy of which is not in the record. As required by Code 1942, Sec. 640, processes were issued and served upon all of testator's heirs, complainants in this action, to show cause why the executor's final account should not be allowed and approved. They did not contest approval of the final account. On June 10, 1939, the chancery court entered a decree approving it. The decree recited that, after paying debts, the estate had a stated balance of money on hand; and that all real and personal property had been delivered to the widow in accordance with the will. It directed the executor to pay court costs and other named expenses, and pay the remainder of the funds in the executor's hands to the widow, Mrs. Alene Cooley. Finally, the decree recited "that in accordance with the dictates of the will of deceased, the title to all personal property, and all cash and the real estate, described as NE¼ SE¼ and SE¼ NE¼ Section 33 Township 7, North Range 14 West in Covington County, Mis-

sissippi, be and the same is hereby vested completely in Mrs. J. H. Cooley.''

Mrs. Alene Cooley died intestate in October 1955. She never married again. In March 1956 the heirs of J. H. Cooley, his children and grandchildren, filed this suit to cancel any claims asserted by defendants-appellants with respect to the real estate devised by J. H. Cooley. Defendants are the heirs or blood relatives of Mrs. J. H. or Alene Cooley. In their answer they contended that the will of J. H. Cooley vested a fee simple title to the land in his widow, defeasible only if she married again; she never remarried, and therefore, as her heirs, defendants inherited her fee simple title to the real property. They also pleaded in paragraph VIII that the decree of June 10, 1939, in which the court approved the final account of J. H. Cooley's executor and terminated administration of his estate, constituted res judicata upon the issue of the effect of the will.

The chancery court sustained complainants' motion to strike paragraph VIII of the answer, because the 1939 decree showed on its face that it was not res judicata upon the issue in this case. No testimony of any value was offered upon the hearing. The case was submitted to the chancery court largely on documentary evidence, and its final decree cancelled defendant's claims to the land. The decree adjudged that the will of J. H. Cooley gave his widow a life estate in the lands, with remainder to his heirs, and that an estate in fee simple vested in his heirs, complainants-appellees, upon the life tentant's death in 1955. Defendants appealed from that decree.

■■ *First.* For two reasons the decree of June 10, 1939, approving the executor's final account and terminating administration of the estate, was not res judicata as to the effect of the devise of realty in J. H. Cooley's will. The plea of res judicata, as set forth in paragraph VIII of the answer, was insufficient on its face to show that construction of the will, insofar as it affected testa-

tor's land, was an issue in the former proceeding of administration of the estate.

██ ██ The burden to properly plead and prove a defense of res judicata is upon the one invoking it. ██ ██ The existence and contents of a judgment, sought to be made available as a basis for the application of this doctrine, must be proved by offering in evidence the record, or a copy of it. Appellants did not do this. The reason for this requirment is that the plea must clearly show the issues and questions involved in the former proceedings, so as to demonstrate that those now presented existed in the former case and were adjudicated. Viator v. Stone, 201 Miss. 487, 29 So. 2d 274 (1947). The summary of paragraph VIII of the answer, pleading res judicata and outlining the pleadings in the administration of Cooley's estate, show in fact that construction of the will as to land was not an issue in that proceeding.

██ ██ The essentials necessary to constitute res judicata are (1) identity in the thing sued for; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in the persons for and against whom the claim is made. Tobias v. Tobias, 83 So. 2d 638 (Miss. 1955); Rawlings v. Royals, 214 Miss. 335, 58 So. 2d 820 (1952). ██ ██ The plea of res judicata failed to show any identity of issues concerning the thing or right sued for and the cause of action or subject matter. The plea in fact reflected that the decree of 1939 was made merely in the administration of a solvent estate.

It affirmatively shows that the estate was solvent, with no need to have recourse to the land as an asset with which to pay debtors, and that construction of the will as to its effect upon testator's land was not properly an issue in administration of the estate. So, in addition to the deficiencies in the pleading itself and the evidence thereon, construction of the will as to the land was not an issue in the final accounting. The statutes provide the

duties and powers of an executor. Under Code 1942, Sec. 517, he has the right to possession of all of the personal estate of deceased, unless otherwise directed in the will. The assets of an estate consist of the personal property, choses in action, and money of the deceased. Sec. 539. It is well established that ''on the death of the owner personal property descends to his personal representative for the payment of debts and legacies, and real estate goes to his heirs and devisees and is not subject to debts until the personal property is exhausted, unless the will expressly provides otherwise.'' Gidden et al v. Gidden, 176 Miss. 98, 101-102, 167 So. 785 (1936).

Where the personal property of an estate is insufficient to pay debts, Code Secs. 591 and 592 provide a specific procedure for the sale of land for that purpose. No need existed for that procedure in this case, as the 1939 decree demonstrates.

When the executor has administered the estate, he must file a final account, stating the names of all heirs, devisees and legatees. Code 1942, Secs. 638, 639. Process must then be served upon these parties to show cause why the final account should not be approved. Code Sec. 640. After examining it, the chancery court makes a final decree of approval, directing distribution of the property in the executor's hands. Code Sec. 641. That was the procedure followed in the administration of testator's estate. Construction of the effect of the will as to land was therefore not an issue. In the absence of that issue being properly presented, the adjudication in the 1939 decree that title to the real estate was vested completely in the widow was beyond the power of the court in the administration of this particular estate, which dealt only with the personal property of the deceased.

Of course the chancery court has power in an administration proceeding to hear and determine all questions necessary to proper administration of the estate. Code 1942, Sec. 1263. And interested parties may file in the

proceedings a petition requesting construction of the will as to devises of land, where it is necessary in administration of the estate. Cf. In Re Lee's Estate, 10 So. 2d 844 (1942). But in the disposition of J. H. Cooley's estate, appellants' plea and the 1939 decree approving the final account show that no such construction of the will was necessary or an issue in that proceeding.

■■■ Hence the principle stated in 30 Am. Jur., Judgments, Sec. 182, is pertinent: "The general rule is that a judgment is not conclusive in regard to a question which, from the nature of the case, may not be adjudicated in the action in which it is rendered. On the ground that a judgment rendered by a court on matters outside the issues submitted for its determination stands upon the same footing as one dealing with a subject matter entirely foreign to its jurisdiction, it has been held that the doctrine of res judicata operates only as to questions within the issues as they were made or tendered by the pleadings, and does not extend to matters which might have been litigated under issues formed by additional pleadings."

■■■ *Second.* The final question concerns the effect of the quoted devise of land in the will. The decisions on this point are concisely analyzed and summarized in 3 Page On Wills (3d ed. 1941) Sec. 1107, and 6 Ibid. Sec. 1107: "The gift may not indicate by direct language the estate which testator wishes to give to A; but the gift may be to A until he marries, as long as A remains a widow or a widower as the case may be and the like. In a case of gifts of this sort, the courts have differed as to the inference which they will draw as to the estate of A. By what seems to be the weight of authority a gift to A until her marriage or during widowhood and the like gives a life estate to A. Other courts, however, hold that a gift to A provided that she does not marry or a gift to A for widowhood passes a fee to A which may be defeated by her marrying again, but which will descend

to A's heirs, and will pass by will to A's devisees or legatees in case A does not marry again.''

In two decisions Mississippi has adopted the majority rule, which holds that a devise during widowhood gives a life estate to the first taker with a remainder to those named as remaindermen in the event of remarriage of the widow.

Hale v. Neilson, 112 Miss. 291, 72 So. 1011 (1916), involved substantially the same issue as in the present case. The will devised testator's land to his wife ''as long as she continues my widow'', with a limitation over to named persons in case of marriage. The devise of this remainder was made to them upon the contingency of remarriage. The widow did not remarry. Examining in considerable detail all of the authorities, the Court held that, in the absence of language clearly indicating a contrary intent, such a devise gives a determinable life estate. The devise over on the marriage of the widow warranted, in the light of the relation of the parties, the purposes to be accomplished and all the circumstances, the inference that the devise over in remainder would take effect also upon the death of the widow.

In the case of In Re Lee's Estate, 10 So. 2d 844 (Miss. 1942), items 2 and 3 of testator's will provided:

''(2) I give, devise and bequeath, to my beloved wife, Mrs. Allie Lee, all the land I may own at the time of my death, as long as she remains a widow. And two mules, and all household and kitchen furniture and all my farming implements, and all corn and feed stuff. And all cattle.

''(3) I give, devise and bequeth unto all my children and wife, all money and other property I may have at the time of my death, should any child be dead, then the heirs of said child to take the parents part, share and share alike, no property to be divided as long as my wife lives on place.''

On a petition for construction of the will, the chancery court held that testator devised and bequeathed to his wife a life estate in all of the land and personal property, so long as she remains a widow, and, in effect, a remainder to his children. From that decree the widow as executrix appealed, contending only that the trial court was in error in holding that Item 2 gave the widow a life estate in the personal property as long as she remains a widow. Reversing the decree as to personal property, this Court said: "In our opinion the testator intended by Item 2 to devise and bequeath his land to his wife, Mrs. Allie Lee, as long as she remains a widow; that he intended to devise and bequeath the personal property enumerated in said Item 2 to her in fee simple; . . . that is to say that the words 'as long as she remains a widow' has the effect of only limiting the estate of the wife in the land owned by the testator at the time of his death."

In Re Lee's Estate, supra, involved specifically the question of whether the phrase "as long as she remains a widow" had the effect of limiting a bequest of personal property to the widow to a life estate. The Court said that it was not reasonable to assume that testator intended to bequeath to his wife a mere life estate during widowhood in mules, farming implements, corn and feed stuff, which are necessarily consumable in use. However, in order to reach this conclusion, it was essential to interpret the closely related clause in Item 2 devising to testator's wife the land "as long as she remains a widow", and it will be noted that the above quoted statement from the opinion held that testator thereby intended to limit the estate of his wife in the land to a life estate, as long as she remains a widow. Hence the decision in Lee's Estate is also directly in point here. See also Hill v. Godwin, 120 Miss. 83, 81 So. 790 (1919); Pringle v. Dunkley, 14 S. & M. 16, 22 Miss. 16 (1850); Anno. 122 A. L. R. 7, 120 (1939).

This established rule is manifestly applicable to Cooley's will. He devised his real property to his wife, "so long as she shall remain my widow"; in the event of her remarriage it went to his heirs, designated remaindermen. This provision was not a condition but a limitation upon the estate acquired by Mrs. Cooley. Certainly testator would have preferred his children to have his land after her death rather than the blood relatives of his wife. This preference and intent were clearly indicated by the gift of a remainder estate to his heirs in the event she remarried. The inference of a similar intention on his part in the event of her death is necessarily implied, under the rule adopted by this Court in Hale v. Neilson and In Re Lee's Estate, in the absence of a clear expression of intent to the contrary.

Affirmed.

*McGehee, C. J.*, and *Hall, Lee* and *Holmes, JJ.*, concur.