566 So.2d 709 (1990)
Talmadge F. STUBBLEFIELD and William S. Lawson
v.
Barry J. WALKER.
No. 07-CA-59015.
Supreme Court of Mississippi.
August 15, 1990.
As Corrected on Denial of Rehearing October 3, 1990.
Supplemental Rehearing Denied October 24, 1990.
*710 Thomas J. Lowe, Jr., Jackson, for appellant.
Charles M. Merkel, Jr., Merkel & Cocke, Clarksdale, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and BLASS, JJ.
BLASS, Justice, for the Court:
The plaintiffs were William S. Lawson, an attorney, and his client, Talmadge Stubblefield. They sued Barry Walker, another attorney, in the Circuit Court of Lee County, claiming actual damages, attorney's fees, costs, and punitive damages against the defendant, Walker, for slander of title, charging that he had claimed an interest in a judgment which Lawson had obtained on Stubblefield's behalf against Jesco, and that he had notified Jesco's attorneys and insurance carrier of his claim to a portion of the contingent fee due from the funds being recovered. Defendant Walker answered and pled the statute of limitations on the slander claim and then counterclaimed against the plaintiff, Lawson, claiming that he had been associated by Lawson in the case and charging a breach of an oral contract. Walker sought compensatory damages on a joint venture theory or alternatively, sought recovery based on quantum meruit. The plaintiffs answered and said that the counter-claim was barred under the doctrine of res judicata, and claimed that the defendant had been paid in full. The defendant's claim was heard first and the jury found for the defendant counter-claimant and against the plaintiff counter-defendant for $300,000 and judgment was entered on that verdict on November 9, 1987. The court then sustained the defendant's motion for summary judgment on the statute of limitations ground and dismissed the slander of title claim as having been resolved against the plaintiff, counter-defendant by the jury verdict. A plaintiff's appeal raised three issues: (1) Did the trial court err in dismissing the slander of title claim? (2) Was the defendant's claim barred by res judicata? (3) Was the verdict of the jury against the overwhelming weight of the evidence?
The defendant, Barry Walker, a 1975 graduate of the University of Mississippi Law School, and the plaintiff, William Lawson, a practicing attorney since 1953, were both sole practitioners in the City of Tupelo and occupied adjacent law offices. On occasions, Lawson would employ other attorneys on a temporary basis to assist him with particular cases and he had employed Walker on several occasions. Usually there was no specific agreement as to the basis of compensation except that it was understood that Walker would receive nothing if the case was lost. The record reflects several instances where Walker assisted Lawson and was paid varying amounts. There was a dispute over the amount of compensation Walker was to receive in a case called the Murphy case and the testimony was in sharp conflict about what the agreement was and how much Walker had earned. Walker presented a bill for $8,800, reflecting 88 hours work, but Lawson contended that Walker's compensation was based solely on the amount of recovery. At any rate, Lawson tendered Walker $5,000 which he contends was payment for all services in all cases up to that date but which Walker contends was limited solely to the services rendered in the Murphy case. The testimony was in sharp conflict with respect to this settlement. Each side contended that the other was less than accurate and candid.
One of the cases on which Lawson requested Walker's aid was the suit of Stubblefield v. Jesco, 464 So.2d 47 (Miss. 1984). This case resulted in a verdict for the plaintiff in the amount of $1,200,000 which was set aside on a motion for judgment notwithstanding the verdict in the trial court but later reinstated by this Court on September 26, 1984.
Walker had done a considerable amount of work assisting Lawson in the preparation *711 for the Stubblefield trial, his work having included preparing jury instructions, preparing expert witnesses for the trial, interviewing lay witnesses, reading depositions, attending conferences, and legal research. He testified that he had put in about 200 hours time before the Stubblefield trial. During the trial, he examined two lay witnesses and one expert and handled part of the closing argument. Upon the happy event of the reinstatement of the $1,200,000 judgment, Walker forthwith approached Lawson to discuss his fee, only to find that Lawson did not intend to pay him anything, taking the position that he had settled all matters with him by payment of the $5,000. The $5,000 check, incidentally, bore the notation "RE: Jack C. Murphy." There was considerable testimony about this check and about the "Murphy" notation on it, including testimony by Lawson's secretary that the notation "RE: Jack C. Murphy" simply indicated that the money was being paid from the fee in the Murphy case. Another document was offered, purporting to be over Lawson's signature, indicating that the check was for services in trying the Murphy case. The source and authenticity of this document was questioned and there was substantial testimony on both sides of the question.
Lawson took the position that Walker was not entitled to anything more in Stubblefield, while Walker contended that he was entitled to half of the contingency fee. When Lawson refused to pay Walker anything in the Stubblefield matter, Walker notified Jesco's attorneys and insurance carrier of a claim to a fee in the amount of one-half of the contingent fee recovered and suggested that Jesco interplead the judgment in the court. Jesco did interplead the funds but the circuit court dismissed the suit and delivered the funds to Lawson. The circuit court did not pass upon the merits of Walker's claim but said that a dispute between Lawson and Walker should be the subject of an action between them. Lawson received a fee of $687,146.40 representing 45% of the total of the $1,200,000 judgment and interest. After the dismissal of the interpleader, Lawson commenced this action for slander of title against Walker.
There is little point in a long discussion about this case. The first issue is whether or not the trial court erred in dismissing appellant's slander of title claim. Our statute is clear that Lawson had one year in which to bring his slander of title claim pursuant to MISS. CODE ANN. § 15-1-35 (Supp. 1989) which reads:
All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ and for libels, shall be commenced within one (1) year next after the cause of such action accrued and not after.
Id.
Allegedly, the slander accrued on September 27, 1984, which was the day that Walker requested Jesco to include his name as co-payee on any draft or check tendered to pay the Stubblefield judgment. The complaint was not filed until October 22, 1986, thus making the slander of title claim time-barred in this case.
The second issue is whether or not Walker's claim is barred by res judicata. Lawson's res judicata defense fails in the case at bar because of his failure at the trial court to plead and prove this defense by offering into evidence either the pleadings or the judgment of the interpleader case. This is in line with this Court's ruling in Astro Transport, Inc. v. Montez, 381 So.2d 601 (Miss. 1980). In Astro the appellee Montez cross-appealed and argued that the trial court had erred in overruling his motion for dismissal. Astro, 381 So.2d at 603. This Court held that "Montez's failure at the lower level to plead and prove his defense of res judicata by offering into evidence either the pleadings or judgment of the companion case leaves his cross-appeal without merit." Id. at 604.
With regard to the third issue, whether or not the verdict of the jury was against the overwhelming weight of the evidence and the product of bias and passion, it is clear that this contention is without *712 merit. It is certainly true that the factual issues were hotly contested. It is equally clear that there is substantial and ample evidence to support the verdict rendered by the jury. "It is the province of the jury to determine the weight and worth of testimony and credibility of the witnesses at trial." Burnham v. Tabb, 508 So.2d 1072, 1077 (Miss. 1987)
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
DAN M. LEE, P.J., concurs in result only.