858 So.2d 902 (2003)
Bobby PENNINGTON, Individually, Appellant,
v.
DILLARD SUPPLY, INC., Appellee.
No. 2002-CA-01687-COA.
Court of Appeals of Mississippi.
November 4, 2003.
Anne E. Pitts, Stephan L. McDavid, Oxford, attorneys for appellant.
Roger M. Tubbs, Tupelo, attorney for appellee.
Before McMILLIN, C.J., MYERS and GRIFFIS, JJ.
*903 GRIFFIS, J., for the court.
¶ 1. Dillard Supply, Inc. filed a collection action against Pontotoc Building Materials, Inc. and, its sole shareholder, Bobby Pennington. After a trial on the merits, the Circuit Court of Pontotoc County entered a judgment against Pontotoc Building Materials, Inc. and Bobby Pennington, finding Pennington personally liable for the debt. On appeal, Pennington admits that Pontotoc Building Materials, Inc. owes Dillard Supply, Inc. the amount awarded in the judgment, but claims that the trial court erred in finding him personally liable for the debt. Finding the record insufficient, we must affirm.
¶ 2. Pontotoc Building Materials, Inc. was administratively dissolved by the Mississippi Secretary of State for failing to file an annual report. During the period of administrative dissolution, Pennington continued to operate the business and purchased supplies from Dillard Supply, Inc. After the account became delinquent, Dillard Supply, Inc. brought this collection action against the corporation and, individually, against its sole shareholder. The basis for Pennington's individual liability was that the debt was incurred while Pontotoc Building Materials, Inc was administratively dissolved. Subsequently, Pontotoc Building Materials, Inc. was reinstated by the Mississippi Secretary of State. The court entered a final judgment against Pontotoc Building Materials, Inc. and Pennington, individually, awarding Dillard the amount of the debt, prejudgment interest and attorney's fees, for a total judgment of $13,110.65.
¶ 3. In this appeal, Pennington contends that the reinstatement of the corporation, pursuant to Mississippi Code Annotated Section 79-4-14.22(c) (Rev.2001), relieves him of any personal liability. Section 79-4-14.22(c) provides, "when reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred." Pennington argues that the debt was an act of the corporation and assumed by the corporation upon its reinstatement.
¶ 4. Dillard Supply, Inc. argues that Pennington has failed to provide this Court with a complete record and that the trial court properly found Pennington individually liable. Because we find the absence of the record to be determinative, we do not address the merits of Pennington's assignment of error.
¶ 5. "It is a well settled rule that this Court will only consider facts found within the trial record. This Court does not rely on assertions made in briefs, but only on facts preserved within a record certified by law." McClee v. Simmons, 834 So.2d 61, 64-65 (¶ 12) (Miss.Ct.App. 2002). It is an appellant's duty to justify his arguments of error with a proper record or the trial court will be considered correct. Am. Fire Prot., Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995). The record on appeal must show such portions of the record of the trial court as are necessary for a consideration of the questions presented. 4 C.J.S. Appeal and Error § 440 (1993). The absence of an adequate record may result in affirmance or dismissal. Id. Therefore, before we can address the merits of an appeal, we must have a complete record of the evidence presented, the rulings made, and the basis for the trial court's decision.
¶ 6. Here, the record consists of a final judgment, Pennington's motion for reconsideration with attached exhibits, Dillard Supply, Inc.'s response, Pennington's rebuttal, and the court's order denying the motion for reconsideration. In the final judgment, the court ruled against Pennington *904 without elaboration. The final judgment was entered after a trial; however, the record does not contain a transcript of the trial. No documentary evidence, such as a promissory note, invoices, account information or pertinent documents, was presented in the record for our review. Without a complete record and transcript, we are not able to review the evidence presented at trial. The record on appeal must affirmatively show that the point complained of was presented to and determined by the trial court's ruling to be adverse to the appellant. 4 Am Jur 2d Appeal and Error § 491 (1962).
¶ 7. "The appellant has the duty of insuring that the record contains sufficient evidence to support his assignments of error on appeal." Oakwood Homes Corp. v. Randall, 824 So.2d 1292, 1293 (¶ 4) (Miss. 2002). "Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them." Id. In this case, it was incumbent upon Pennington to include the necessary information in the record. Pennington has failed to place the necessary record pertaining to his assignment of error before us, and we are therefore unable to consider his assignment of error. Therefore, the trial court's judgment is affirmed.
¶ 8. THE JUDGMENT OF THE PONTOTOC COUNTY CIRCUIT COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.