# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00911-COA

**SHAWN RICHARD O'HARA**                                    APPELLANT

**v.**

**CITY OF HATTIESBURG, MISSISSIPPI**                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/027/2015 |
| TRIAL JUDGE: | HON. ROGER B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SHAWN RICHARD O'HARA (PRO SE) |
| ATTORNEYS FOR APPELLEE: | R. LANE DOSSETT |
| | L. CLARK HICKS JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEE'S MOTION TO DISMISS |
| DISPOSITION: | AFFIRMED - 03/21/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1. On February 7, 2014, Shawn O'Hara was walking across South 28th Avenue in Hattiesburg when the street suddenly caved in and his left leg went under the street to his knee. O'Hara managed to avoid oncoming traffic and crawl out of the road, and an ambulance transported him to the emergency room.[1] Almost a year later, O'Hara filed suit against the City of Hattiesburg in the Forrest County Circuit Court. He alleges that he is

---

[1] For purposes of this appeal from an order dismissing O'Hara's complaint, we accept the complaint's well-pled factual allegations as true. *See, e.g.*, *Penn Nat'l Gaming Inc. v. Ratliff*, 954 So. 2d 427, 430-31 (¶6) (Miss. 2007).

entitled to recover $300,000 in actual damages, including past and future medical expenses, pain and suffering damages, and $280,000 in lost earnings on his third motion picture, *Dixie Lady*, the film's production apparently having been derailed by his injuries. O'Hara also demands $24,700,000 in punitive damages.

¶2.     The circuit court dismissed O'Hara's complaint without prejudice for insufficient service of process and failure to provide proper pre-suit notice under the Mississippi Tort Claims Act (MTCA). The court also denied O'Hara's subsequent motion for reconsideration. For the reasons that follow, we affirm the dismissal of the action. Additional facts are discussed as necessary in the course of our analysis.

## DISCUSSION

### I.     Insufficient Service of Process

¶3.     Mississippi Rule of Civil Procedure 4(d)(7) provides that service of process on a municipal corporation shall be "by delivering a copy of the summons and complaint to the mayor or municipal clerk." O'Hara initially served the city attorney's wife and later served the city attorney. Neither attempt at service satisfied Rule 4(d)(7).

¶4.     However, the circuit court dismissed the complaint for insufficient service of process on March 2, 2015, only a little over three weeks after the complaint was filed. Rule 4(h) provides that a plaintiff has 120 days in which to serve the defendant. "[U]ntil that 120-day period has expired, any attempt to seek dismissal on the grounds of defective service clearly would be premature." *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (applying then-

2

Federal Rule of Civil Procedure 4(j), subsequently relettered as Rule 4(m)); *accord State Farm Fire & Cas. Co. v. Smith*, 39 So. 3d 1172, 1174 (Ala. Civ. App. 2009) (applying Alabama Rule of Civil Procedure 4(b) and holding that a trial court cannot dismiss a complaint for insufficient service within the 120-day period permitted for service).

¶5.     The record indicates that O'Hara served both the mayor and the "acting city clerk" on April 30, 2015, only eighty-three days after he filed suit.  O'Hara thereby satisfied the requirements of Rule 4.  Although he effected service after the circuit court's order dismissing the case, his motion for reconsideration was pending, and he was still well within the 120-day period allowed by Rule 4.  The prior order dismissing the case was premature to the extent it was based on insufficient service of process.  Therefore, we must determine whether dismissal was proper because O'Hara failed to provide proper pre-suit notice under the MTCA.

## II.     Insufficient Pre-Suit Notice

¶6.     Under the MTCA, prior to filing suit against a municipality, a claimant must serve a notice of claim on the city clerk.  Miss. Code Ann. § 11-46-11(1)-(2) (Rev. 2012).  The notice must:

(i) Be in writing;

(ii) Be delivered in person or by registered or certified United States mail; and

(iii) Contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought, and the

3

residence of the person making the claim at the time of the injury and at the time of filing the notice.

*Id.* § 11-46-11(2)(b). Mississippi law "requires substantial compliance with the notice requirements of Section 11-46-11(2)." *Lee v. Mem'l Hosp. at Gulfport*, 999 So. 2d 1263, 1266 (¶9) (Miss. 2008).

¶7. "Pursuant to [section] 11-46-11(2), there are seven required categories of information which must be included":

(1) the circumstances which brought about the injury;

(2) the extent of the injury;

(3) the time and place the injury occurred;

(4) the names of all persons known to be involved;

(5) the amount of money damages sought;

(6) the residence of the person making the claim at the time of the injury; and

(7) the claimant's residence at the time of filing the notice.

*S. Cent. Reg'l Med. Ctr. v. Guffy*, 930 So. 2d 1252, 1257 (¶18) (Miss. 2006); *accord Saul ex rel. Heirs of Cook v. S. Cent. Reg'l Med. Ctr. Inc.*, 25 So. 3d 1037, 1041 (¶12) (Miss. 2010).

¶8. "The purpose of the [pre-suit notice requirement] is to insure that governmental [entities] . . . are informed of claims against them." *Reaves ex rel. Rouse v. Randall*, 729 So. 2d 1237, 1240 (¶9) (Miss. 1998). "[T]he determination of substantial compliance is a legal, though fact-sensitive, question and is, therefore, necessarily decided on an ad hoc basis." *Marbly v. Manuel*, 2014-CA-01171-COA, 2015 WL 4741861, at *2 (¶7) (Miss. Ct. App.

4

Aug. 11, 2015) (quoting *Webster v. City of D'Iberville City Council*, 6 So. 3d 448, 451 (¶8) (Miss. Ct. App. 2009)).

¶9.　At the hearing in the circuit court on the City's motion to dismiss, counsel for the City informed the court that after the motion was filed, he received a handwritten note that O'Hara had submitted to the City at some point prior to filing suit. Counsel argued that the notice did not substantially comply with section 11-46-11. The circuit judge asked to see the notice, and it was handed to him, but it was never entered into evidence or otherwise included in the record. In response, O'Hara asserted that he provided the City with a typed notice of claim in February 2014; however, he never produced a copy of any such document in the circuit court. O'Hara also claimed that he had talked to the City's human resources director and its insurance company about his claim and provided his medical bills to them.

¶10.　In its order dismissing the case, the circuit court stated that it had reviewed the handwritten notice and that it was "insufficient pursuant to [section] 11-46-11 because it fail[ed] to contain several of the seven required categories of information, and [was] therefore not in substantial compliance with [the] statute." The court specifically stated that the notice "fail[ed] to include the extent of the injury, names of all persons involved, and the residence of the Plaintiff both at the time of the injury and at the time of the filing of the notice." For this reason, the circuit court concluded that the case should be dismissed for failure to comply with section 11-46-11.

¶11.　O'Hara subsequently filed a motion for reconsideration and later filed additional

untimely motions, but he never attempted to include a copy of any notice of claim in the record. Thus, the record does not include a copy of O'Hara's handwritten notice of claim or any other alleged notice of claim.

¶12. "It is an appellant's duty to justify his arguments of error with a proper record or the trial court will be considered correct. The record on appeal must show such portions of the record of the trial court as are necessary for a consideration of the questions presented." *Pennington v. Dillard Supply Inc.*, 858 So. 2d 902, 903 (¶5) (Miss. Ct. App. 2003) (internal citation omitted). Here, the trial court reviewed O'Hara's handwritten notice of claim and found that it was insufficient to satisfy section 11-46-11. O'Hara challenges that finding on appeal, but we are unable to consider his argument because he failed to see that the record included a copy of the notice for this Court to review. Accordingly, the circuit court's ruling that O'Hara failed to substantially comply with the MTCA's pre-suit notice requirement "will be considered correct." *Pennington*, 858 So. 2d at 903 (¶5). If a plaintiff in an MTCA case fails to provide proper notice prior to filing suit, the complaint should be dismissed without prejudice. *See Tallahatchie Gen. Hosp. v. Howe*, 154 So. 3d 29, 32 (¶¶11-13) (Miss. 2015). Therefore, we affirm.

¶13. **THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, GREENLEE AND WESTBROOKS, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.**

6