# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-01258-COA

**HOME SOLUTIONS OF MISSISSIPPI LLC,**          **APPELLANTS**
**JACK McCABE, AND TODD SANDRIDGE**

**v.**

**JOHN DAVID RIDGE**          **APPELLEE**

DATE OF JUDGMENT:          07/19/2018
TRIAL JUDGE:          HON. STACI BOZANT O'NEAL
COURT FROM WHICH APPEALED:          MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:          CHRISTOPHER A. TABB
ATTORNEY FOR APPELLEE:          CECIL MAISON HEIDELBERG
NATURE OF THE CASE:          CIVIL - CONTRACT
DISPOSITION:          AFFIRMED - 03/03/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE J. WILSON, P.J., McDONALD AND McCARTY, JJ.

### McDONALD, J., FOR THE COURT:

¶1. In 2007, John David Ridge filed suit against Home Solutions of Mississippi LLC ("Home Solutions" or "the LLC") and its members, Todd Sandridge and Jack McCabe, over work performed on the remodel of Ridge's antebellum home. After a 2013 bench trial, Ridge was awarded a judgment against Home Solutions on May 27, 2014, in the amount of $754,366.56, but the claims against Sandridge and McCabe were dismissed.

¶2. Thereafter Ridge filed a supplemental proceeding against Home Solutions, Sandridge, and McCabe to pierce the corporate veil and to hold Sandridge and McCabe liable for the judgment against Home Solutions. A jury found in favor of Ridge, and a final judgment was entered against Sandridge and McCabe in the amount of $754,366.56. Sandridge and

McCabe appeal, arguing that the second suit was barred by the doctrines of res judicata and collateral estoppel and that the court erred in allowing incomplete or incorrect jury instructions. For the reasons stated below, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3. In 2005, Ridge contracted with Home Solutions to renovate Ridge's antebellum home in Canton, Mississippi. Home Solutions was formed by Todd Sandridge and Jack McCabe. After several months, Ridge found the work to be unsatisfactory and terminated the contract.

¶4. On July 6, 2007, Ridge filed suit against Home Solutions; Sandridge and McCabe, individually; and others. (The docket reflects that summonses were issued to Kenny Owens, Termipest Inc., and A-Plus.) The record does not include the complaint or amended complaint to determine the precise claims made against Sandridge and McCabe, individually.

¶5. After discovery, the other entities Ridge had sued were dismissed, leaving only Home Solutions, Sandridge, and McCabe. While the Ridge lawsuit was pending, Sandridge and McCabe continued working on other projects through Home Solutions and apparently made money. Between 2007 and 2009, they withdrew over $1 million from the LLC.

¶6. The LLC filed tax returns between 2007 and 2009 but not thereafter. After 2009, Sandridge and McCabe parted ways, and Home Solutions did no further business. In 2012, Home Solutions was administratively dissolved by the Mississippi Secretary of State for failing to file annual reports.

¶7. Ridge, Home Solutions, Sandridge, and McCabe agreed to a bench trial, which was held in October 2013. The transcript of this trial is not in the record and may never have been transcribed because the parties agreed that neither side would appeal.

2

¶8. On May 27, 2014, the court awarded Ridge a judgment against Home Solutions in the amount of $754,366.56. But the court found that Sandridge and McCabe were not liable for the claims asserted against them. The judgment itself says nothing about what the claims against them were or why they were dismissed. After the judgment was rendered, McCabe destroyed the books and records of Home Solutions.

¶9. On September 3, 2015, Ridge filed a supplemental action in the same case (titled "Complaint In Proceedings Supplementary And To Pierce Corporate Veil") against Home Solutions, Sandridge, and McCabe, which is the subject of this appeal. In this action, Ridge sought to hold Sandridge and McCabe individually liable for the May 2014 judgment against Home Solutions under the theories of piercing the corporate veil and wrongful distribution of funds from the LLC.

¶10. While this second proceeding was in progress, on the advice of counsel, Home Solutions filed its annual reports and was reinstated by the Mississippi Secretary of State in 2017. But at the time of the trial in 2018, although Home Solutions was a limited liability company in good standing, it had no office, no on-going business, and no capital.

¶11. At trial before a different judge from the first lawsuit, Ridge testified that during the time of the contract, between July and September of 2005, he paid weekly invoices with checks made out to Home Solutions. However, in September, McCabe instructed him to pay half of the invoice amount by a check made payable to Home Solutions and the other half by checks made payable to Sandridge and McCabe, individually. In exchange, Ridge was given a fifteen percent discount on the labor costs. On cross-examination, Ridge conceded he could not testify that the checks he wrote to Sandridge and McCabe were fraudulent transfers

3

of Home Solutions' assets. Ridge also had no knowledge of whether Sandridge and McCabe commingled assets with Home Solutions or disregarded its corporate formalities.

¶12.   Because McCabe failed to appear at trial, Ridge used McCabe's deposition testimony. His deposition was not made a part of the record on appeal, but Harry Kenneth Lefoldt Jr., Ridge's accounting expert, testified at trial that McCabe admitted in his deposition that he destroyed Home Solutions' records after the judgment.

¶13.   Ridge next called Sandridge, who testified about Home Solutions' administrative dissolution, reinstatement, and current business. He admitted to the withdrawals he and McCabe had made between 2007 and 2009 and that there was no money left in the LLC to cover a potential judgment against it.

¶14.   Lefoldt, a certified public accountant, testified as Ridge's expert in tax and accounting. He verified the amounts Sandridge and McCabe had drawn down and opined that these withdrawals left the LLC insolvent. Although he conceded that there was no legal requirement that money be set aside for the judgment, the better accounting practice would have been to do so. Lefoldt also agreed that when there is an administrative dissolution, the principals are not required to take any legal actions.

¶15.   After Ridge rested his case, Sandridge and McCabe moved for a directed verdict, arguing that Ridge testified they did not do anything fraudulent, that Lefoldt testified there was no legal requirement that a company set aside money to cover a potential judgment, and that the statute-of-limitations period had run on Ridge's claims. The court denied the motion. After the court's ruling, Sandridge and McCabe called no witnesses and rested their case.

¶16.   The jury was instructed and, after deliberation, found in favor of Ridge. On July 19,

2018, a final judgment was entered against Sandridge and McCabe in the amount of $754,366.56. On July 27, 2018, Sandridge and McCabe moved for judgment notwithstanding the verdict or, alternatively, a new trial. They argued that Ridge's claims were filed outside the statute-of-limitations period, that the court mistakenly allowed improper jury instructions to be presented to the jury, and that the verdict was contrary to the law and the weight of the evidence presented at the trial. The court denied that motion on August 15, 2018.

¶17. On September 5, 2018, Sandridge and McCabe appealed. In the principal brief, they name the following issues on appeal:

I. Appellee failed to pierce the corporate shield of the limited liability company.

II. The trial judge erred by allowing incomplete or incorrect jury instructions.

III. The trial judge erred by not dismissing the case at the close of the Plaintiff's evidence as they had not produced any facts to support any of their claims.

In their argument on the first issue, Sandridge and McCabe also contend that the second proceeding should have been dismissed based on the doctrine of res judicata. In response, Ridge addresses the issues, but he also contends that because Sandridge and McCabe fail to fully brief the issues, they are procedurally barred from our consideration.

## STANDARD OF REVIEW

¶18. In this case, we are asked to overturn a verdict rendered by a jury. As such, we "are obligated to give substantial deference to the jury's decision." *Forrest v. State*, 876 So. 2d 400, 406 (¶18) (Miss. Ct. App. 2003). Our supreme court "has held that 'a jury's verdict is

5

a finding of fact. Unless we can say that no rational juror could on this proof have assessed damages[,] the award must be left undisturbed.'" *Dorrough v. Wilkes*, 817 So. 2d 567, 575 (¶29) (Miss. 2002) (quoting *City of Jackson v. Locklar*, 431 So. 2d 475, 480 (Miss. 1983)). However, the appellate court need not consider an assignment of error if a party fails to follow the Mississippi Rules of Appellate Procedure, specifically Rule 28(a)(7), which requires "citations to the authorities, statutes, and parts of the record relied on." Failure to do so is considered abandonment of the issue, and it becomes procedurally barred for appellate review. *McNeil v. Hester*, 753 So. 2d 1057, 1075 (¶65) (Miss. 2000).

## DISCUSSION

¶19.   In deciding this case, we are confronted with an inadequate record and inadequate briefing. On the issue of res judicata, the record is deficient. Sandridge and McCabe's principal brief fails to provide a statement of the facts and a statement of the case. In both their briefs, there is no citation to the record or clear explanation of the facts. Accordingly, we cannot reverse the jury's verdict on two of the issues identified by Sandridge and McCabe. Their argument concerning the adequacy of the proof on piercing the corporate veil is similarly flawed, although they do cite some caselaw. Moreover, even if Ridge failed to prove the three elements required to pierce the corporate veil, the jury was instructed on an alternative theory of recovery, dissipation of the LLC's assets, which Sandridge and McCabe do not challenge on appeal. Accordingly, we cannot find that there was insufficient proof to sustain the jury verdict.

**I.      An incomplete record precludes a decision on the issue of res judicata.**

¶20.   Sandridge and McCabe contend that Ridge's second action for veil-piercing and

dissipation of the LLC's assets is barred under the doctrines of res judicata and/or collateral estoppel. Res judicata is an affirmative defense, and the burden is on the party asserting it to provide pleadings from a prior case sufficient to show that a claim is barred. *Astro Transport Inc. v Montez*, 381 So. 2d 601, 604 (Miss. 1980) (citing *Pate v. Evans*, 232 Miss. 6, 15, 97 So. 2d 737, 739 (1957)). "The reason for this requirement is that the plea must clearly show the issues and questions involved in the former proceedings, so as to demonstrate that those now presented existed in the former case and were adjudicated." *Id*. The Mississippi Supreme Court reiterated this requirement in *Stubblefield v. Walker*, 566 So. 2d 709, 711 (Miss. 1990), explaining that a party must "prove [his] defense by offering into evidence either the pleadings or [a] judgment" that would enable the court to make findings on the elements of res judicata.

¶21. In addition, it is the appellant's duty to ensure that there is a sufficient record on appeal to support his assignments of error. In *Pennington v. Dillard Supply Inc.*, 858 So. 2d 902 (Miss. Ct. App. 2003), we said:

> It is a well settled rule that this Court will only consider facts found within the trial record. This Court does not rely on assertions made in briefs, but only on facts preserved within a record certified by law. . . . The record on appeal must show such portions of the record of the trial court as are necessary for a consideration of the questions presented. . . . Therefore, before we can address the merits of an appeal, we must have a complete record of the evidence presented, the rulings made, and the basis for the trial court's decision.

*Id.* at 903 (¶5) (citations omitted).

¶22. In this case, the parties clearly disagree on the nature of the claims that were asserted against the individual defendants in the first case. While Sandridge and McCabe claim that the issues in the second case were tried directly or indirectly in the first case, it was their duty

7

to provide the proof to support their claim, which they failed to do. Sandridge and McCabe did not offer the complaint from the first case into evidence to determine what issues were actually raised and tried. The final judgment from the first case that was entered gives no information about the precise claims tried. The record before us is incomplete. Without the record of the first proceeding, including the key pleadings, there is no basis in the record on appeal for us to hold that the doctrine of res judicata barred the second lawsuit against Sandridge and McCabe.

## II. Sandridge and McCabe's jury-instruction issue is procedurally barred from consideration under Mississippi Rule of Appellate Procedure 28.

¶23. Rule 28(a)(7) of the Mississippi Rules of Appellate Procedure provides that the argument section in an appellant's brief must contain "the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied upon." In *Taylor v. Kennedy*, 914 So. 2d 1260, 1262 (¶¶4-5) (Miss. Ct. App. 2005), we affirmed a circuit court judgment in favor of Kennedy even when Kennedy failed to file a reply brief because Taylor's appellate brief did not meet the requirements of the Mississippi Rules of Appellate Procedure. We said:

> It is the appellant's duty to provide authority in support of an assignment of error. It is well established that this Court is not required to address any issue that is not supported by reasons and authority. Failure to cite any authority is a procedural bar, and this Court is under no obligation to consider the assignment. . . . Therefore, due to Taylor's complete failure to cite authority in her brief, we decline to address her assignments of error.

*Id*. at (¶4) (citations omitted). In the absence of meaningful argument or citation of authority, the appellate court will not consider an assignment of error. *Patton v. State*, 109 So. 3d 66, 75 (¶22) (Miss. 2012); *see also Russell Real Prop. Servs. LLC v. State*, 200 So. 3d 426, 430

8

(¶10) (Miss. 2016) (finding assertions of error not supported by citation or authority to be abandoned); *Flowers v. Boolos* (*In re Estate of Smith*), 204 So. 3d 291, 313 (¶49) (Miss. 2016) ("It is the duty of an appellant to provide authority in support of an assignment of error, and the failure to do so is considered abandonment of the issue; thereby making the issue procedurally barred for appellate review.").

¶24.    In this case, Sandridge and McCabe's principal brief identifies improper jury instructions as an issue, but they fail to brief the issue thereafter.  Only after Ridge pointed out this deficiency in his brief did Sandridge and McCabe attempt to address the issue in their reply brief.  But even then they fail to identify the allegedly improper instructions, except by topic, and give no authority to support the alleged error of the instructions.  In *Hatfield v. Deer Haven Homeowners Ass'n Inc.*, 234 So. 3d 1269 (Miss. 2017), the supreme court noted:

> Hatfield cites no authority to show that any of the chancellor's rulings—attorney fees aside—was erroneous.  It is the duty of the briefing party to cite to authority which supports its argument. The Court considers assertions of error not supported by citation or authority to be abandoned.

*Id*. at 1273 (¶14) (internal quotation marks omitted).  In this case, because the jury-instruction issue was inadequately briefed, we find that the issue is procedurally barred from consideration.

        **III.    There is no basis to reverse the jury's verdict.**

¶25.    To hold Sandridge and McCabe individually responsible for the judgment against Home Solutions, the jury was presented with two theories of recovery: piercing the LLC's

9

corporate veil[1] and dissipation of the LLC's assets.  In their brief, although Sandridge and McCabe refer to some caselaw, they fail to cite the record for the facts and evidence presented at trial pertaining to veil-piercing, and they do not discuss how those facts apply to the law.  To repeatedly say "Plaintiff failed to prove" this or that is not a discussion of the facts in the record or the law.

> It is not the obligation of this Court to independently search the record front to back to ferret out those facts that would bear on the issue.  It is the duty of the appellant to point with particularity to those facts in the record that impact on the issues of law he would have the Court consider, and follow that up with argument that is persuasive in its own inherent logic, or supported by citations to authority, making the case as to why the appellant's position should prevail.

*Little v. State*, 744 So. 2d 339, 346 (¶28) (Miss. Ct. App. 1999).  It is Sandridge and McCabe's duty to point out with particularity which facts in the record support their claim of error.  *Wallace v. State*, 264 So. 3d 1, 5 (¶16) (Miss. Ct. App. 2018).  We find that they failed to fulfill this duty.[2]

¶26.    Moreover, the issue of whether Ridge provided sufficient proof to pierce the corporate veil is not dispositive because the jury was presented an additional theory of recovery and returned a general verdict for Ridge.  Therefore, we cannot know with certainty whether the

---

[1] "To cause a court to disregard the corporate entity and justify shareholder liability, a complaining party must" produce evidence showing (1) "some frustration of contractual expectations regarding the party to whom he looked for performance"; (2) "the flagrant disregard of corporate formalities by the defendant corporation and its principals"; (3) a "fraud or other equivalent misfeasance on the part of the corporate shareholder." *Gray v. Edgewater Landing Inc.*, 541 So. 2d 1044, 1047 (Miss. 1989).  "A successful veil-piercing claim must show each of the three *Gray* prongs." *Restaurant of Hattiesburg v. Hotel & Restaurant Supply Inc.*, 84 So. 3d 32, 39 (¶24) (Miss. Ct. App. 2012).

[2] In addition, Sandridge and McCabe's argument on this issue is inextricably tied to the issue of res judicata, which cannot be decided because of the inadequacy of proof.

jury based its decision on corporate veil-piercing or dissipation of the LLC's assets.[3]   Our supreme court "has held that 'where there is a general verdict for the plaintiff under a declaration containing two counts leading to the same liability, such verdict is sufficient if sustained under either count.'" *Ill. Cent. R.R. Co. v. Brent*, 133 So. 3d 760, 770 (¶19) (Miss. 2013) (quoting *Miss. Cent. R.R. Co. v. Aultman*, 173 Miss. 622, 160 So. 737, 739 (1935)). Because Sandridge and McCabe have not raised or briefed the alternative theory of recovery as an issue in this appeal, we see no basis to reverse the jury's verdict.

## CONCLUSION

¶27.   For the above and foregoing reasons, we affirm the jury verdict and judgment in this case.

¶28.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. TINDELL, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

---

[3] Sandridge and McCabe did not designate this as an issue on appeal.

11